No. 22-35764

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CASCADIA WILDLANDS, THE CENTER FOR BIOLOGICAL DIVERSITY, and AUDUBON SOCIETY OF PORTLAND,

*Plaintiffs-Appellees*,

v.

SCOTT TIMBER CO., ROSEBURG RESOURCES CO., and RLC INDUSTRIES CO.,

*Defendants-Appellants*.

On Appeal from the United States District Court for the District of Oregon
Case No. 6:16-CV-01710-AA (Hon. Ann Aiken)

## PLAINTIFFS' UNOPPOSED MOTION TO TRANSFER CONSIDERATION OF ATTORNEY FEES ON APPEAL TO DISTRICT COURT

Daniel Kruse, Oregon Bar 064023
Kruse & Saint Marie, LLC
101 East Broadway, Suite 130
Eugene, Oregon 97401
Phone: (541) 870-0605
Email: dan@speakthelaw.com

Nicholas Cady, Oregon Bar 113463
Cascadia Wildlands
PO Box 10455
Eugene, Oregon 97440
Phone: (541) 434-1463
Email: nick@cascwild.org

Daniel Snyder, Oregon Bar 105127
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Phone: (202) 861-5251
Email: dsnyder@publicjustice.net

Brian Segee, California Bar 200795
Center for Biological Diversity
226 W. Ojai Avenue, Suite 101-442
Ojai, CA 93023-3278
Phone: (805) 750-8852
Email: bsegee@biologicaldiversity.org

*Attorneys for Plaintiffs-Appellees*

# MOTION

Pursuant to Ninth Circuit Rule 39-1.8, Plaintiffs respectfully move the Court for an order transferring consideration of attorney fees on appeal to the District Court for the District of Oregon. Counsel for Plaintiffs has conferred with counsel for Defendants and confirmed that Defendants do not oppose this motion.

On June 28, 2022, the district court entered a permanent injunction under the Endangered Species Act ("ESA") prohibiting Defendants from implementing the Benson Snake logging operation. Pursuant to 16 U.S.C. § 1540(g)(4), the district court's amended opinion and order states that "Plaintiffs are entitled to reasonable attorney fees and costs." *Cascadia Wildlands v. Scott Timber Co.*, 618 F. Supp. 3d 1038, 1068 (D. Or. 2022). Plaintiffs filed a detailed petition for costs and attorney fees with the district court within 14 days of that court's judgment, as required by Federal Rule of Civil Procedure 54(d)(2)(B)(i), and the parties agreed to jointly request a stay of those proceedings pending the outcome of any appeals. Defendants ultimately appealed the judgment on the merits, and the district court granted the requested stay on the petition for costs and fees. The petition for costs and fees remains pending but stayed before the district court pending final disposition of any appeals. The parties anticipate that, should the district court's judgment on the merits remain in place, the issue of costs and attorney fees will be taken up again by the district court when all appeals have been exhausted.

On June 26, 2024, this Court affirmed the district court's judgment on the merits and upheld the permanent injunction against Defendants' logging operation. Under Ninth Circuit Rule 39-1.6, it appears that a petition for attorney fees for work performed on the appeal may[1] need to be filed separately with the Court of Appeals, unless the Court grants a request under Ninth Circuit Rule 39-1.8 to transfer consideration of attorney fees on appeal to the district court. A petition for attorney fees to the Court of Appeals must be filed "no later than 14 days after the expiration of the period within which a petition for rehearing may be filed." Ninth Circuit Rule 39-1.6(a). Defendants currently have a deadline of August 9, 2024 to file a petition for rehearing.

If the motion to transfer is granted, then the question of attorney fees in this case, both at the trial level and on appeal, can be addressed at one time in one proceeding. If the motion is not granted, the parties would need to prepare and litigate separate fee petitions in different courts at the same time for the same case.

---

[1] It is arguable that, under the ESA, the district court has authority to award costs and fees for work performed at all levels of the case including any appeals. *See* 16 U.S.C. § 1540(g)(4) (governing awards of costs and attorney fees in cases brought under the ESA); 16 U.S.C. § 1540(c) (the district courts "shall have jurisdiction over any actions arising under this chapter"); *see also Ocean Conservancy, Inc. v. Nat'l Marine Fisheries Serv.*, 382 F.3d 1159, 1161 (9th Cir. 2004) (the ESA's statutory fee shifting provision overrides the more general provisions of the Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure). However, this area of the law does not appear to be entirely settled, and Plaintiffs request that the Court expressly order that consideration of attorney fees on appeal be transferred to the district court, to prevent any confusion or ambiguity.

This would require an unnecessary duplication of work for both the parties and the courts and may needlessly invite inconsistent or conflicting results. A transfer to district court would allow Plaintiffs to amend their existing filing with the district court to include fees related to the appeal, rather than initiating and litigating an entirely new and separate proceeding with the Court of Appeals. The requested transfer thus serves the interests of both the parties and the courts in efficiency, judicial economy, and uniformity of decisions. It may also reduce Defendants' overall financial liability by limiting the amount of time required by Plaintiffs' attorneys to continue litigating this case. *See Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995) ("Recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ('merits fees') as well as fees incurred while pursuing merits fees ('fees-on-fees')").

For these reasons, Plaintiffs respectfully request that the Court grant the unopposed motion to transfer consideration of attorney fees on appeal to the district court.

DATED this 10th day of July, 2024.

>/s/ *Daniel R. Kruse*
> Daniel Kruse, Oregon Bar 064023
> Kruse & Saint Marie, LLC
> 101 East Broadway, Suite 130
> Eugene, Oregon 97401
> Phone: (541) 870-0605
> Email: dan@speakthelaw.com
> *Attorney for Plaintiffs-Appellees*

# DECLARATION OF DANIEL R. KRUSE IN SUPPORT OF UNOPPOSED MOTION TO TRANSFER CONSIDERATION OF ATTORNEY FEES ON APPEAL TO DISTRICT COURT

I, Daniel R. Kruse, hereby declare under penalty of perjury:

1. I am the lead attorney and attorney of record for the Plaintiffs herein. I make this declaration in support of Plaintiffs' unopposed motion to transfer consideration of attorney fees on appeal to the district court.

2. I have conferred with Dominic Carollo, lead counsel for Defendants, and confirmed that Defendant do not oppose this motion.

3. The factual information provided in the motion is true and accurate to the best of my knowledge and belief.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED this 10th day of July, 2024.

/s/ *Daniel R. Kruse*
Daniel Kruse, Oregon Bar 064023
Kruse & Saint Marie, LLC
101 East Broadway, Suite 130
Eugene, Oregon 97401
Phone: (541) 870-0605
Email: dan@speakthelaw.com

*Attorney for Plaintiffs-Appellees*

**CERTIFICATES OF FILING AND SERVICE**
**9th Circuit Case no. 22-35764**

I certify that on July 10, 2024, I electronically filed the foregoing motion and supporting declaration with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. I further certify that all parties in this case are represented by counsel who are registered CM/ECF users who will be served by the appellate CM/ECF system.

DATED this 10th day of July, 2024.

/s/ *Daniel R. Kruse*
Daniel Kruse, Oregon Bar 064023
Kruse & Saint Marie, LLC
101 East Broadway, Suite 130
Eugene, Oregon 97401
Phone: (541) 870-0605
Email: dan@speakthelaw.com

*Attorney for Plaintiffs-Appellees*